IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LYNCH,<br><br>    Plaintiff,<br><br>  v.<br><br>HOLY SEE (State of Vatican City), Its Instrumentalities and/or Agents; et al.,<br><br>    Defendants.<br>_____/ | No. C-10-4878 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION; VACATING MARCH 18, 2011 HEARING ON ROMAN CATHOLIC BISHOP OF OAKLAND'S MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is the motion to dismiss, filed February 7, 2011, by defendant Roman Catholic Bishop of Oakland ("the Bishop"), sued herein as the Jesuit Order of Oakland.[1] Plaintiff William Lynch ("Lynch") has not filed opposition. Having read and considered the papers filed in support of the motion, and having reviewed the complaint, the Court will direct Lynch to show cause why the instant action should not be dismissed for lack of subject matter jurisdiction.[2]

---

[1] According to the Bishop, he was served with a summons for the Jesuit Order of Oakland, a named defendant, but such entity does not exist. (See Def.'s Mot. to Dismiss 1:24-26.)

[2] By the instant motion, the Bishop does not challenge the Court's jurisdiction, but, rather, argues, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Lynch has failed to state a claim upon which relief can be granted. The Court, however, "has the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." See Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003).

In his complaint, Lynch, a California citizen, names as defendants a foreign state, specifically, the Holy See, an Illinois citizen, specifically, Christian Family Movement, and three California citizens, specifically, the Archdiocese of Oakland, the Roman Catholic Archbishop of Oakland, and the Jesuit Order of Oakland.[3]  Lynch alleges that in 1975, when he was a minor, he was sexually assaulted by a priest, who, according to Lynch, was an agent of each of the named defendants.  Based on said allegations, Lynch asserts against each defendant causes of action titled "negligence" and "vicarious liability (respondent superior)," which claims arise under state law.

Lynch alleges the Court has diversity jurisdiction over the instant action for the asserted reason that Lynch is "diverse in state citizenship from [d]efendant the Holy See, a foreign country." (See Compl. ¶ 7.)  "When a plaintiff sues more than one defendant in a diversity action," however, "the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original).  Here, because Lynch has named California citizens as defendants, the instant action is not between "citizens of different States," see 28 U.S.C. § 1332(a)(1), is not between "citizens of a State and citizens or subjects of a foreign state," see 28 U.S.C. § 1332(a)(2), and is not between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," see 28 U.S.C. § 1332(a)(3).  Nor can plaintiff satisfy the only remaining basis for diversity jurisdiction, which pertains when an action is between "a foreign state . . . as plaintiff and citizens of a State or of different States," see 28 U.S.C. § 1332(a)(4) (emphasis added), because the Holy See is not a plaintiff herein.

Accordingly, contrary to Lynch's allegation, the Court does not have diversity jurisdiction over the instant action.

---

[3] By notice filed February 4, 2011, plaintiff voluntarily dismissed with prejudice his claims against Christian Family Movement, and by notice filed February 24, 2010, voluntarily dismissed with prejudice his claims against the Archdiocese of Oakland and the Roman Catholic Archbishop of Oakland.

Next, the Court considers whether it has jurisdiction over the instant action pursuant to the Foreign Sovereign Immunities Act, which provides that a district court has jurisdiction over "any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of [title 28] or under any applicable international agreement." See 28 U.S.C. § 1330(a). "[E]very action against a foreign sovereign . . . depends on the existence of one of the specified exceptions to foreign sovereign immunity," Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 493 (1983), and where, as here, the foreign state has not appeared,[4] a district court nonetheless must determine whether the plaintiff can establish the foreign state is not entitled to immunity before such court can exercise jurisdiction over the action, see id. at 494 n.20 (holding "even if the foreign state does not enter an appearance to assert an immunity defense, a District Court must determine that immunity is unavailable under [§ 1330(a)]").

Here, Lynch fails to allege any facts to support a finding that the Holy See is not entitled to immunity under an "international agreement." See 28 U.S.C. § 1330(a). Further, Lynch cannot establish the exception set forth in § 1605(a)(5),[5] either with respect to his claim for negligence, see Doe v. Holy See, 557 F.3d 1066, 1083-85 (9th Cir. 2009) (holding § 1605(a)(5) inapplicable where plaintiff, who alleged he was sexually abused by priest, asserted Holy See negligently "failed to provide reasonable supervision" of priest and failed to warn those who came into contact with priest of priest's alleged "history of sexually abusing children"), or his claim for vicarious liability, see id. at 1082 (holding foreign state employer of one who sexually abuses child only vicariously liable under § 1605(a)(5) where, under state law, employee was acting within scope of employment when committing abuse); Mark K. v. Roman Catholic Archbishop, 67 Cal. App. 4th 603,

---

[4]The record includes no indication that Lynch has served the Holy See.

[5]Under § 1605(a)(5), a foreign state is not immune from certain claims for personal injury caused by a tortious act of an employee who was "act[ing] within the scope of his office or employment." See 28 U.S.C. § 1605(a)(5).

608 (1998) (holding, under California law, "doctrine of respondeat superior" unavailable where claim involves "childhood sexual abuse" by "clergy," because such conduct is "outside the scope of the cleric's employment"). Finally, the remaining statutory exceptions to immunity appear inapplicable to the claims alleged herein. See, e.g., 28 U.S.C. § 1605(a)(3) (providing foreign state lacks immunity for certain claims involving "property" located in United States); 28 U.S.C. § 1605A(a)(2) (providing foreign state lacks immunity for certain claims involving "terrorism").

Accordingly, Lynch is hereby ORDERED TO SHOW CAUSE, in writing and no later than March 18, 2011, why the instant action should not be dismissed without prejudice for lack of subject matter jurisdiction. See California Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir.1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."). The Bishop shall file any reply to Lynch's response no later than March 28, 2011. As of March 28, 2011, the Court will take the matter under submission.

In light of the pendency of the instant Order to Show Cause, the Case Management Conference is hereby CONTINUED from March 25, 2011 to May 13, 2011, at 10:30 a.m.

Further, the hearing on the Bishop's motion to dismiss, presently scheduled for March 18, 2011 is hereby VACATED, and will be reset, as necessary, following resolution of the issue of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: March 1, 2011

MAXINE M. CHESNEY
United States District Judge

4